UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:14-cv-2069-orl

CLAIRESE CLAUDET,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Clairese Claudet (formerly known as Clairese Dahan), (hereinafter "Plaintiff") sues Defendant, Bank of America, N.A. (hereinafter "BofA") and for her complaint alleges:

1. This is a complaint for monetary damages.

2. The Defendant violated the Telephone Consumer Protection Act (TCPA) 47 USC § 227, *et. seq.* and its implementing regulations at 47 C.F.R. § 64.1200, *et. seq.*, the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (hereinafter FDCPA), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (hereinafter "FCCPA").

## I
## PARTIES

3. The Plaintiff is a natural person and citizen of Osceola County, whose principal residence is located at 3824 Golden Feather Way, Kissimmee, Florida 34746.

4. The Defendant Bank of America, N.A., is also known as "Bank of America Home Loans" and "BAC Home Loans Servicing, LP". Defendant, Bank of America N.A. is not a registered debt collector with the State of Florida Office of Financial Regulation nor is it registered as as a foreign corporation with the Florida Department of State Division of Corporations. Bank of America N.A. (hereafter "BofA") is a National Bank registered with the Federal Deposit Insurance Corporation (FDIC) with an address of 100 North Tryon Street, Charlotte, North Carolina 28202.

## II
## JURISDICTION AND VENUE

5. This Court has jurisdiction to grant relief pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §1331, 47 U.S.C. §227(b)(3) and 28 U.S.C. § 1367.

6. The Defendant transacts business in the State of Florida. The conduct complained of which gives rise to the causes of action occurred in the County of Osceola. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b)(2), (c) and (d), as the claims arose from acts of Defendants perpetrated therein.

## III
## COMPOSITE EXHIBITS

7. Attached to this Complaint are Composite Exhibits. The Composite Exhibits are incorporated and made a part hereof as Composite Exhibit "A" and are given Bates numbers on the bottom of each page. Any reference made to composite Composite Exhibit "A" shall be as follows: "Composite Exhibit "A" Page ___"

## IV
## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

9. Plaintiff's cellular telephone number is 484-919-3516.

10. On April 20, 2007, Plaintiff obtained a mortgage loan from Countrywide Home Loans, Inc. for the purpose of purchasing her homestead residence. (The "Subject Debt") (Composite Exhibit A, pages 8 - 27)

11. On March 1, 2009, Plaintiff defaulted on the Subject Debt. (Composite Exhibit A, page 2, paragraph 6)

12. On July 27, 2009, the defaulted debt was assigned for collection to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP. (Composite Exhibit A, page 7)

13. On August 7, 2009, BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, filed suit against Clairese Claudet in foreclosure. (Composite Exhibit A, pages 1 - 27) Although the foreclosure complaint stated that it was an *in rem* proceeding, it was not limited to an *in rem* proceeding, as it also sought damages. The "Wherefore" clause sought an amount for principal, interest, late charges, abstracting, taxes, expenses, costs, attorneys' fees, interest on the attorneys' fees, and a deficiency decree. (Composite Exhibit A, page 3.)

14. On January 28, 2010, Clairese Claudet's attorney filed a Notice of Appearance in the foreclosure action and served it on counsel for BofA. (Composite Exhibit A, page 28)

15. On December 21, 2012, Plaintiff registered her cellular telephone with the federal do-not-call registry. (Composite Exhibit A, page 29)

16. On August 30, 2013, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

17. On September 3, 2013, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

18. On September 23, 2013, Plaintiff filed a petition in bankruptcy under chapter 7 in the Middle District of Florida (Case No. 6:13-bk-11772-KSJ). She was represented by counsel, Walter Benenati. Mr. Benenati's business address and telephone number were displayed on all documents processed through the bankruptcy proceeding. On September 24, 2013, Clairese Claudet's bankruptcy attorney filed and served on counsel for BofA a Suggestion of Bankruptcy. (Composite Exhibit A, page 30)

19. On December 23, 2013, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

20. On December 24, 2013, the Court issued a discharge Order that discharged Plaintiff's obligation for the debt. (Composite Exhibit A, page 31)

21. On March 24, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

22. On April 19, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

23. On May 5, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

24. On May 12, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

25. On September 17, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

26. On October 3, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

27. On October 22, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

28. On November 14, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

29. On November 20, 2014, without consent, BofA caused Plaintiffs cellular telephone to be called. The calling number was 888-287-4637.

V
ALLEGATIONS COMMON TO FDCPA COUNTS

30. Plaintiff has been "the object of collection activity arising from consumer debt".

31. Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an debt arising out of a transaction where the money or services, which are the subject of the transaction, were primarily for a personal purposes, to wit: medical procedures.

32. The debt at issue under the FDCPA was primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

33. The Defendant has engaged in an act or omission prohibited by the or FDCPA.

34. The Defendant is a "debt collector" within the definition established by the FDCPA, 15 U.S.C. § 1692a(6), in that they use the U.S. Mails in a business, the principal purpose of which is to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is collecting in excess of 100,000 debts.

35. While the term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, the term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. 15 U.S.C. § 1692a(4). The Defendant received the defaulted debt for collection on behalf of DIS.

## VI
## ALLEGATIONS COMMON TO FCCPA COUNTS

36. Plaintiff has been "the object of collection activity arising from consumer debt".

37. Plaintiff is a "Consumer" pursuant to the FCCPA in that she is a natural person and was allegedly obligated to pay a debt arising out of a transaction where the money or services which were the subject of the transaction were primarily for personal purposes, to wit: a medical procedure.

38. The debt at issue under the FCCPA was primarily for personal, family, or household purposes. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. § 559.55(1).

39. The Defendants have engaged in an act or omission prohibited by the or FCCPA.

40. The Defendant is a "debt collector" within the definition established by the FCCPA, Fla. Stat. § 559.55(6), in that it uses the U.S. Mails within this state in a business, the principal purpose of which is to to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

41. The Defendant is a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(7) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

42. The Defendant regularly engages in the collection of consumer debts.

43. The Defendant is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

## VII
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Violation of the TCPA - 47 USC § 227, *et. seq.*

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29, above, as if fully set forth herein.

45. The Defendant knew that Plaintiff was represented by counsel in the foreclosure action and by counsel in the bankruptcy action and that she had registered her telephone with the federal do not call registry and that these actions caused all consent to contact her to be revoked.

46. The Defendants willfully or knowingly violated the automated-call requirements of 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200(a)(1) by making calls to the Plaintiff's cellular telephone or by authorizing an agent to do so:

   a. through the use of an automatic telephone dialing system.
   b. by using an artificial or prerecorded voice in the beginning of each call.

47. "The term "automatic telephone dialing system" means equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) On information and belief, Defendant, or Defendant's authorized agent, used a predictive dialer to place the calls to Plaintiff's cellular telephone. A a predictive dialer is:

   Equipment that dials numbers and, when certain computer software is attached, also assisted telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order ... [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.

(See Conglio v. Bank of America, 8:14-cv-01628; 2014 WL 6882294 (M.D.Fla., 12/4/2014), *also see*, 2008 TCPA Order 23 FCC Rcd. at 566, para. 12, *and see* 2003 TCPA Order, 18 FCC RCD. AT 14091, PARA. 131).

48. When the Plaintiff answered the Defendants' telephone calls, an artificial or prerecorded voice was initially heard, in violation of 47 U.S.C. § 227(b)(1).

49. Defendant called Plaintiff's cellular telephone at least thirteen times without consent.

   **WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

   a. Enjoining the violation pursuant to 47 USC §227(b)(3)(A).
   b. $500 in statutory damages for each call pursuant to 47 USC §227(b)(3)(B).

    c.      Treble statutory damages for each call for Defendant's willful or knowing violation of 47 USC §227(b)(3).

SECOND CAUSE OF ACTION
Violations of the FDCPA
(Violation of 15 U.S.C. § 1692e)

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 35 above as if fully set forth herein.

51. 15 U.S.C. § 1692e states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> [...]
> (2) The false representation of—
>     (A) the character, amount, or legal status of any debt; or
>     [...]
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>     [...]

52. Plaintiff did not give the Defendant consent to contact her and any prior consent was revoked when her foreclosure counsel filed her notice of appearance in the foreclosure case. Consent was also revoked when Plaintiff filed a bankruptcy. Consent was also revoked when Plaintiff put her telephone number on the federal do not call registry.

53. Defendant made 9 telephone calls to Plaintiff in the past 12 months. Of those calls, all were post bankruptcy filing and 8 were post discharge. Each telephone call in the past 12 months was a false, deceptive, or misleading attempt to collect a debt by falsely representing the debt was due when in fact the an automatic stay was in effect on the one telephone call that was

made pre-discharge and the debt no longer existed due as to the remaining 8 post discharge telephone calls, in violation of 15 U.S.C. § 1692e.

54. Plaintiff seeks actual damages, statutory damages, declaratory relief, equitable relief, attorneys' fees and costs from the Defendant.

## THIRD CAUSE OF ACTION
## Violations of the FDCPA
## [Violation of 15 U.S.C. § 1692f]

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

56. 15 U.S.C. § 1692f states in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

57. Each telephone call was an unfair or unconscionable attempt to collect a debt a debt that that was not permitted by law in violation of 15 U.S.C. § 1692f because Plaintiff did not give the Defendant consent to contact her and any prior consent was revoked when her foreclosure counsel filed her notice of appearance in the foreclosure case. Consent was also revoked when Plaintiff filed a bankruptcy. Consent was also revoked when Plaintiff put her telephone number on the federal do not call registry.

58. Plaintiff seeks actual damages, statutory damages, declaratory relief, equitable relief, attorneys' fees and costs from the Defendant.

## FOURTH CAUSE OF ACTION
Violations of the FDCPA
[15 U.S.C. 1692C(a)(2)]

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 35 above as if fully set forth herein.

60. 15 U.S.C. § 1692c(a) states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
>> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

61. Each telephone call was without the prior consent of the Plaintiff. Plaintiff did not give the Defendant consent to contact her and any prior consent was revoked when her foreclosure counsel filed her notice of appearance in the foreclosure case. Consent was also revoked when Plaintiff filed a bankruptcy. Consent was also revoked when Plaintiff put her telephone number on the federal do not call registry.

62. The Defendant knew the Plaintiff was represented by two counsel - one in the foreclosure action and one in the bankruptcy action.

63. The Defendant knew or could readily ascertain the Plaintiff's two counsels names and addresses.

64. Each of the nine calls in the past year were a violation of 15 U.S.C. § 1692c(a).

65. Plaintiff seeks actual damages, statutory damages, declaratory relief, equitable relief, attorneys' fees and costs from the Defendant.

## FIFTH CAUSE OF ACTION
### Violations of the FCCPA
### [Violation of § 559.72(9)]

66. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 29 and 36 - 43, above as if fully set forth herein.

67. Florida Statutes § 559.72(9) provides:

> In collecting consumer debts, no person shall:
> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

68. Each of the eleven telephone calls by the Defendant after the Plaintiff filed her bankruptcy was an illegal attempt to collect a debt when the Defendant knew that the debt was not legitimate as the Plaintiff had filed a petition in bankruptcy.

69. Each of the 8 telephone calls by the Defendant after the bankruptcy court discharged the debt was an illegal attempt to collect a debt when the Defendant knew that the debt was extinguished in violation of Florida Statutes section 559.72(9).

70. Plaintiff did not give the Defendant consent to contact her and any prior consent was revoked when her foreclosure counsel filed her notice of appearance in the foreclosure case. Consent was also revoked when Plaintiff filed a bankruptcy. Consent was also revoked when Plaintiff put her telephone number on the federal do not call registry.

71. Plaintiff seeks actual damages, statutory damages, declaratory relief, equitable relief, attorneys' fees and costs from the Defendant.

### SIXTH CAUSE OF ACTION
### Violations of the FCCPA
### [Violation of § 559.72(18)]

72. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 29 and 36 - 43, above as if fully set forth herein.

73. Florida Statutes § 559.72(18) provides:

> In collecting consumer debts, no person shall:
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

74. Each of the 13 telephone calls from the Defendant to the Plaintiff were placed when the Defendant knew that the Plaintiff had counsel, and when the Defendant knew, or could readily ascertain such counsels name and address.

75. Defendant's persistent, illegal debt collection constituted malicious acts of bad faith and were willful violations of the law because its telephone calls occurred after the Plaintiff filed bankruptcy and after she received a discharge in bankruptcy. Florida Statutes § 559.77(2) provides in part:

> the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional...The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

76. Plaintiff did not give the Defendant consent to contact her and any prior consent was revoked when her foreclosure counsel filed her notice of appearance in the foreclosure case. Consent was also revoked when Plaintiff filed a bankruptcy. Consent was also revoked when Plaintiff put her telephone number on the federal do not call registry.

77. The Defendant's persistent, illegal debt collection constituted malicious acts of bad faith and were willful violations of the law.

78. Plaintiff seeks general damages, special damages, statutory damages, punitive damages, court filing costs and service of process costs, reasonable attorney's fees, declaratory relief and equitable relief to enjoin Defendant to cease contact with her.

### SEVENTH CAUSE OF ACTION
### Violations of the FCCPA
### [Violation of § 559.72(18)]

79. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 29 and 36 - 43, above as if fully set forth herein.

80. Florida Statutes § 559.72(19) provides:

> In collecting consumer debts, no person shall:
> (19)   Cause a debtor to be charged for communications by concealing the true purpose of the communication, including collect telephone calls and telegram fees.

81. Each of the 13 telephone calls from the Defendant to the Plaintiff caused Plaintiff to incur a charge for the call.

82. Defendant concealed the true purpose of the calls, which was to collect a debt.

83. Defendant's persistent, illegal debt collection constituted malicious acts of bad faith and were willful violations of the law because its telephone calls occurred after the Plaintiff filed bank-

ruptcy and after she received a discharge in bankruptcy. Florida Statutes § 559.77(2) provides in part:

> the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional…The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

84. Plaintiff did not give the Defendant consent to contact her and any prior consent was revoked when her foreclosure counsel filed her notice of appearance in the foreclosure case. Consent was also revoked when Plaintiff filed a bankruptcy. Consent was also revoked when Plaintiff put her telephone number on the federal do not call registry.

85. The Defendant's persistent, illegal debt collection constituted malicious acts of bad faith and were willful violations of the law.

86. Plaintiff seeks general damages, special damages, statutory damages, punitive damages, court filing costs and service of process costs, reasonable attorney's fees, declaratory relief and equitable relief to enjoin Defendant to cease contact with her.

## VIII
## DEMAND FOR TRIAL BY JURY

87. Plaintiff demands a trial by jury for the violations of the TCPA, FDCPA and FCCPA.

/s/ James E. Orth, Jr.
James E. Orth, Jr. FBN 75941

/s/ George M. Gingo
George M. Gingo, 0879533

Gingo & Orth, P.A.
400 Orange Street
Titusville, FL 32796

321-264-9624 Office
866-311-9573 Fax
<u>jamesorthlaw@gmail.com</u>
<u>gingo.george@gmail.com</u>